FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2011
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LUIS TORRES,

        Petitioner,

    - against -

JOHN B. LEMPKE,

        Respondent.

------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 5826 (BMC)

**COGAN**, District Judge.

By Memorandum and Order entered December 21, 2010, this Court directed petitioner to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. It appeared from the petition that petitioner's state court conviction became final on June 25, 2008. He had filed a coram nobis petition in state court on July 30, 2008, which was finally determined on February 13, 2009. He did not commence the instant proceeding until December 13, 2010. His commencement of this proceeding thus appeared well beyond the one-year period provided under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In its Order, the Court offered petitioner two avenues by which his petition might be deemed timely. First, the petition disclosed that he had filed a motion under N.Y. Criminal Procedure Law §440.10 (the "440 motion"), but it did not disclose the date on which he had filed it. The Court explained that if the 440 motion was filed within the period in which petitioner was allowed to commence the instant proceeding, he would be entitled to a statutory toll.

Alternatively, the Court advised petitioner that he could seek equitable tolling, and the Court's Order explained the standard and limitations attendant to that doctrine.

In response, petitioner has disclosed that his 440 motion was filed on December 17, 2010 (he says December 17, 2011, but the Court assumes that is a typographical error). This is inadequate to invoke a statutory toll because by the time petitioner filed his 440 motion, his time to commence the instant proceeding had already expired. In addition, petitioner seeks equitable tolling on the ground that as a layman, he did not know of AEDPA's one-year limitation. He also points out that his counsel on his direct appeal never advised him of AEDPA's limitation. However, as this Court explained in its prior Order, lack of familiarity with AEDPA's limitation period does not constitute the "extraordinary circumstances" which are required to invoke equitable tolling. See Lizaide v. Kirkpatrick, 09-CV-5038, 2009 U.S. Dist. LEXIS 110184, at *5-6 (E.D.N.Y. Nov. 24, 2009) (collecting cases); Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); Wilson v. Bennett, 188 F.Supp.2d 347, 354 (S.D.N.Y 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition.").

Nor can petitioner rely on his appellate counsel's failure to inform him of AEDPA's one-year limitation. There is no reason to think that the lawyer who handled his direct appeal in state court had any responsibility for prosecuting or advising him as to federal proceedings. Petitioner had appointed counsel to prosecute his direct appeal; that she did, and thus fulfilled her responsibilities to him. Even simple mistakes by attorneys retained to handle habeas corpus petitions do not constitute extraordinary circumstances. See Chapman v. ChoiceCare Long

Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002); Smalldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001); Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000). Obviously, the absence of advice by an attorney not retained or appointed to handle a matter is ordinary, not extraordinary, and petitioner offers no reason why he would expect the attorney who handled his appeal to advise him in relation to collateral proceedings.

Finally, I note that petitioner has failed to demonstrate any let alone reasonable diligence in the pursuit of his rights, which is also required to warrant equitable tolling. See Holland v. Florida, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Petitioner knew enough to commence a coram nobis proceeding against his prior appellate counsel barely a month after his conviction became final. He then took no action, and made no inquiries, for nearly two years, commencing this proceeding and the 440 motion within a few days of each other. This long hiatus is inconsistent with any showing of due diligence.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a Certificate of Appealability shall not issue. Further, this Court certifies pursuant to 28 USC § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner pro se.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
January 18, 2011

3